IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BETTY BOLES** | * | **CIVIL ACTION NO. 03-1327** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, LIBERTY MUTUAL GROUP** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Attorney's Fees filed by plaintiff, Betty Boles ("Boles"). (Document No. 43). Defendant, Liberty Life Assurance Company of Boston ("Liberty"), opposes the motion. For reasons stated below, it is recommended that the motion be **GRANTED as modified by this report and recommendation, and that Liberty be ordered to pay plaintiff out-of-pocket costs in the amount of $287.00, plus attorney's fees in the amount of $7,925.75 (45.29 hours at $175.00 per hour), for a total fee and cost award of $8,212.75.**

## BACKGROUND

Liberty, the claims administrator for and issuer of a Group Disability insurance policy purchased by Boles' employer, Chase, initially denied Boles' application for long term disability benefits on November 22, 2000. On March 4, 2002, Boles was granted long term disability benefits with an onset date of March 13, 2000. After Liberty had paid Boles long term benefits from September 9, 2000, to June 15, 2002, it terminated her benefits. It denied her appeal of the termination on September 9, 2002.

On July 11, 2003, Boles filed this Employees Retirement Income Security Act ("ERISA") suit to determine her entitlement to the remainder of her "own occupation" benefits from June 15, 2002, to September 9, 2002. Boles also asserted a penalty claim for Liberty's failure to produce a surveillance video that one of its physicians had reviewed in preparing his report. On January 3, 2006, this Court entered judgment in favor of Boles with respect to her entitlement to her "own

occupation" benefits, but denied her claim for penalties. Boles now seeks attorney's fees and costs pursuant to 29 U.S.C. 1132(g).

Liberty does not dispute Boles' general entitlement to attorney's fees or the requested hourly rate of $175.00; instead, Liberty seeks a reduction in the number of compensable hours and a portion of the requested costs. According to Liberty, the compensable hours should be reduced from 53.1 to 38.7 based on the amount of hours allocated to (1) Boles' unsuccessful penalty claim; (2) the administrative process prior to Liberty's denial in September 2002; and (3) conversations and correspondence with Mark Mallery, an attorney who was uninvolved with Boles' ERISA claim. Liberty also claims that the costs attributable to Boles' obtaining of several physicians' sworn statements should be deducted, because these statements were taken during the administrative appeal process, not this suit.

## LAW AND ANALYSIS

Courts are given discretion to award attorney's fees in ERISA actions. 29 U.S.C. § 1132(g)(1). Courts are to consider: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. *Iron Workers Local # 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). Here, Liberty does not dispute Boles' general request for attorney's fees. Thus, the only contested issue is whether the number of compensable hours and costs Boles listed is accurate.

Time Related to Boles' Unsuccessful Penalty Claim

Liberty argues that Boles should not receive attorney's fees for any hours attributable to

her penalty claim because she did not prevail, as evidenced by this Court's judgment on January 3, 2006. Boles' counsel appears to concede as much in his motion when he describes the elements of Boles ERISA claim: "The second element of Ms. Boles case was the refusal of the Plan Administrator to provide documentation about the claim. Ms. Boles claimed a penalty and was unsuccessful. This claim was pretty unimportant and very little effort was expended upon it." Pl.'s Brief, p. 2. The records show that Boles' counsel devoted one-tenth of his original brief and his entire three (3) page reply brief to the claim. His time sheets indicate that he spent 9.35 hours working on the original brief and 5.75 hours on the reply brief, including motions to extend the filing deadline. Liberty seeks a reduction of one-tenth of the hours devoted to the original brief and all of the hours spent working on the reply brief.

The undersigned agrees. Boles was not the prevailing party on her penalty claim and therefore is not entitled to attorney's fees for work connected with that claim. Liberty's suggested reductions are fair and reasonable in light of the evidence presented herein. Thus, it is recommended that the number of compensable hours be reduced from 53.1 to 46.415 (53.1 minus .935 and 5.75) in order to eliminate those hours for which the plaintiff was unsuccessful.

Time Expended and Costs Incurred Prior to Suit

Liberty claims that Boles is not entitled to $137.00 in costs and 7 hours of attorney's fees incurred during the administrative appeal process,[1] arguing that the fees and costs were incurred during Boles' administrative appeal, not the lawsuit, and that "[h]ad plaintiff's administrative appeal been successful, she would not have been entitled to recover" the fees and costs. Def.'s

---

[1] In her motion, Boles' counsel conceded that Boles is not entitled to attorney's fees for efforts expended on working on Boles claim for social security benefits. Boles' counsel stated that he had "endeavored to split the fees and costs between the two proceedings to avoid double recovery," and his time sheets reflect those efforts. While Liberty presumes that the seven (7) hours expended prior to the filing of Boles' complaint dealt with her social security claim, it provides no evidence to substantiate that presumption.

Brief, p. 2-3. However, as was indicated in the Court's earlier judgment in this case, Liberty was arbitrary and capricious in its denial of Boles's claim for benefits. Although the fees and costs were incurred prior to Boles' filing her complaint, they were nevertheless necessitated by Liberty's actions and allowing recovery of them will best serve the purpose of deterring such actions in the future and will address the opposing party's culpability and the relative merits of the parties' positions. In addition, there is no indication that Liberty sought to benefit all participants and beneficiaries of an ERISA plan by its actions in this instance. It is therefore recommended that Boles be awarded attorney's fees in the amount of $1,225.00 (7 hours at $175.00 per hour) for work performed during the administrative process, and that she be reimbursed for her costs in the amount of $287.00 representing costs incurred both at the administrative and trial phases of this claim.

Time Related to Conversations and Correspondence with Mark Mallery

Liberty's final contention is that Boles should not be awarded attorney's fees for her counsel's conversations and correspondence with Mark Mallery ("Mallery"), an attorney for Chase who apparently dealt with Boles' counsel regarding Boles' social security claim. Liberty notes three separate entries (one of which specifically mentions Boles' social security claim) totaling .75 hours which reflect work by Boles' counsel on correspondence to Mallery. The other entry involving Mallery involved .75 hours spent working on a letter to him and Liberty's counsel. Liberty claims that half of the time spent on the joint letter (.375 hours) and all of the remaining time corresponding with Mallery individually (.75 hours) should be deducted from the total compensable hours.

The undersigned agrees. From the time sheets Boles' counsel submitted, it appears that Mallery had no involvement with Boles' ERISA claim against Liberty, but rather was involved with Boles' social security claim. As Boles concedes, she is not entitled to attorney's fees for

4

efforts related to her social security claim. Thus, it is recommended that the total compensable hours be reduced by another 1.125 hours (.375 hours plus .75 hours).

Conclusion

For the reasons stated above, it is recommended that Boles' Motion for Attorney's Fees be **GRANTED, and that Liberty be ordered to pay plaintiff out-of-pocket costs in the amount of $287.00, plus attorney's fees in the amount of $7,925.75 (45.29 hours at $175.00 per hour), for a total fee and cost award of $8,212.75.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 16th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE